[Nos. 7079-7082.    Decided April 1, 1908.]

J. F. BLEAKLEY, *Appellant*, v. ALGERNON H. WILCOX *et al.,* *Respondents.*[1]

COSTS—ON APPEAL—DISSMISSAL OF APPEAL. After appellant has moved to dismiss his appeal, the respondents cannot move to dismiss the appeal and recover costs of such motion, although they ask affirmance of the judgment.

Rehearing of an order dismissing an appeal from a judgment of the superior court for King county, Griffin, J., entered April 5, 1907.   Modified as to costs.

*P. D. Hughes* and *Fenley Bryan,* for appellant.

*F. E. Knowles,* for respondents.

[1]Reported in 94 Pac. 903.

Root, J.—The same questions are involved in all of the above entitled cases, and may be disposed of in one opinion. On the 4th of November, 1907, appellant served upon respondents a motion to dismiss his appeal, and also a notice that the same would be called to the attention of the court on the 15th day of November. Said motion was filed with the clerk of this court November 9. On November 12, respondents filed a motion herein to dismiss said appeal. It does not appear when this motion was served upon appellant, but it was apparently so served on the 6th day of November. Respondents admit that their motion was not served upon appellant until after appellant's motion to dismiss the appeal was served upon them. Respondents did not give the necessary notice required to bring a motion on for hearing, but claim that attorneys for the appellant agreed that both motions might be heard at the same time. Appellant's attorneys admit that they agreed to make no objections to this. Upon the day the motion was to be heard, appellant's attorneys, on account of delay of a railway train, were unable to be present in court. An argument was made by one of respondents' attorneys, and their motion to dismiss was granted with costs. Appellant filed a petition for rehearing, and subsequently this court called for an answer to said petition, and an answer thereto was made by respondents. A rehearing was granted, and we are now called upon to pass upon the merits of the controversy.

Respondents, while admitting that appellant interposed his motion to dismiss his own appeal before respondents' motion was made, nevertheless claim that their motion embraced more than appellant's motion, in that they asked not only to have the appeal dismissed but to have the judgment of the lower court affirmed, and that for this reason they were entitled to have their motion granted and costs allowed. We are unable to agree with this contention. Appellant doubtless has the right to dismiss his appeal without costs whenever he chooses so to do, if there be not already served or filed a motion by

the respondents to dismiss such appeal.   After the interposition by appellant of such a motion, to allow the respondents to prosecute a motion to dismiss and affirm the judgment and recover costs in this court upon such dismissal would be to indulge a practice which we think is not authorized by the statute nor in consonance with justice or sound public policy. The law does not favor the prolongation of litigation, nor the incurring of unnecessary expense.   That part of the order allowing costs to respondents will be vacated.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.